IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | | |
|---|---|---|
| MARK F. SCHNITTKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| TRUCKS FOR YOU, INC. | ) | |
| AND JOHN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsels Jeffrey A. Wilson and Richard W. James of DeVaughn James Injury Lawyers, and for Plaintiff's claims against the Defendant, alleges and states:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Mark F. Schnittker, is a citizen of the State of Kansas, and is domiciled at 225 E. Ave F, Kingman, KS 67068.

2.     Defendant, Trucks For You, Inc. ("TFY"), is a domestic for-profit corporation, incorporated in the State of Oklahoma with its principal place of business in the State of Oklahoma.

3.     TFY may be served through its registered agent, Eddie L. Carr, 2021 S. Lewis Ave., Suite 225, Tulsa, Oklahoma 74104.

4.     At all relevant times, TFY was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Kansas.

5.     Defendant John William's domicile is 4111 Worsham Avenue, Macon, GA 31206. Therefore, he is not a citizen of Kansas. Williams may be served with legal process at his address above.

6.      Defendant are subject to jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1332, 28 U.S.C. §1391(b) and other applicable law.

7.      This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship.  The matter is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

8.      This Court has subject matter jurisdiction over the claims asserted in this Complaint.

9.      There is complete diversity among the parties as the Plaintiff is not a citizen of the same state as any Defendant.

## OPERATIVE FACTS

10.      In the early morning of February 12, 2022, the weather was clear and U.S. Highway 54 in Ford County was dry.

11.      At or about 2:18 am, Mr. Schinittker was westbound on U.S. 54 approaching the intersection with Bloom Road and traveling at a safe speed for the conditions.

12.      At or about 2:18 am, the tractor-trailer driven by Wilson was at the intersection of Bloom Road and U.S. Highway 54 in Ford County, Kansas.

13.      The tractor and trailer Wilson was operating were owned by TFY.

14.      The intersection of U.S. 54 and Bloom Road is not controlled by a traffic light. There is a stop sign for traffic on Bloom Road. There is no stop sign for traffic on U.S. 54.

15.      Prior to beginning his left turn, Wilson either saw Mr. Schnittker approaching or failed to look for him.

16.      Regardless, Wilson did not wait for Mr. Schnittker to pass him before beginning his left hand turn onto U.S. 54.

17.      Wilson turned left into the path of Mr. Schnittker's approaching vehicle.

18.     At the time Wilson began to turn left, he knew or should have known that he could not clear the oncoming lanes of traffic before Mr. Schnittker hit him unless Mr. Schnittker slammed on his brakes or took some other evasive action—and that even in that circumstance, Mr. Schnittker would almost certainly be unable to avoid Wilson's tractor and trailer.

19.     Mr. Schnittker attempted to swerve to avoid Wilson's trailer but made contact the rear of it and continued on to hit a tree in the right of way.

20.     As a result of the collision, Mr. Schnittker suffered permanent injuries.

## LIABILITY OF DEFENDANTS

### COUNT ONE

### (Wilson's Negligence)

21.     All previous paragraphs and allegations are incorporated herein.

22.     At all times material hereto, Defendant Wilson was a professional driver with a commercial driver's license.

23.     At all times material hereto, Defendant Wilson was driving a commercial motor vehicle in interstate commerce and was subject not only to Kansas traffic laws and trucking safety regulations but also the Federal Motor Carrier Safety Regulations.

24.     At all times material hereto, Defendant Wilson was also subject to corporate safety standards and trucking industry standards, the violations of which are evidence of negligence.

25.     Defendant Wilson had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the welfare of Mr. Schnittker and the motoring public. This duty included keeping a proper lookout, paying attention, only turning when he could do so without forcing oncoming traffic to stop or slow down, and bot becoming the hazard.

26.     As a professional truck driver, Defendant Wilson also had a duty to operate his

tractor-trailer in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

27.     Defendant Wilson breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

a.   Improper left turn;

b.   Failing to perform a proper visual search;

c.   Failing to properly manage his space;

d.   Failing to yield the right of way;

e.   Failing to keep a proper lookout;

f.   Failing to appreciate the amount of time and clearance he needed to execute a left turn under the circumstances;

g.   Driving while distracted and/or fatigued;

h.   Failing to drive defensively;

i.   Failing to operate the vehicle in a safe and prudent manner, thereby placing the well-being of the public in general, and Mr. Schnittker in particular, in danger;

j.   Failing to adhere to safe driving principles expected of professional drivers;

k.   Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

l.   Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

m.   Otherwise failing to act reasonably and prudently as a professional driver

should under the circumstances;

n.   Violating K.S.A. 8-1528 and 8-1548,

o.   Violating the Federal Motor Carrier Safety Regulations, including, without limitation, §§ 392.2 and 392.3, as well as hours of service and inspection regulations; and

p.   Such other specifications of negligence that shall be added by amendment or proven at trial.

28.   As a result of the foregoing breaches of duties, Mr. Schnittker suffered the losses and injuries described herein.

29.   Alone or in conjunction with the negligence of the other Defendant, Defendant Wilson's negligence proximately caused the injuries to Mr. Schnittker.

30.   Defendant Wilson is liable to Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff as a result of his negligence.

## COUNT TWO

### (*Respondeat Superior* Against TFY)

31.   All previous paragraphs and allegations are incorporated herein.

32.   At all times material hereto, Defendant Wilson was acting within the course and scope of his employment or agency with Defendant TFY and was furthering the business interests of Defendant TFY.

33.   Defendant TFY is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors.

34.   These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Wilson on February 12, 2022, which are described above and were

committed within the course and scope of his agency or employment with Defendant TFY.

35.     As a result of the foregoing breaches of duties, Mr. Schnittker suffered the losses and injuries noted herein.

36.     Defendant TFY's and 's negligence proximately caused the injuries to Mr. Schnittker.

37.     Defendant TFY is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of the negligence of Defendant Wilson and/or their own independent negligence.

**COUNT THREE**

**(TFY's Negligence)**

38.     All previous paragraphs and allegations are incorporated herein.

39.     TFY is a motor carrier and operating under authority through the United States Department of Transportation with an assigned D.O.T. number of 290541.

40.      is a motor carrier and operating under authority through the United States Department of Transportation with an assigned D.O.T. number of 290541.

41.     The truck being operated by Defendant Wilson was owned, maintained, dispatched, supervised, controlled and repaired by TFY and was used as a commercial motor vehicle in both intrastate and interstate business making it subject to the Federal Motor Carrier Safety Administration regulations under 49 C.F.R. Sections 381 *et. seq*.

42.     49 C.F.R. § 390.3(e)(1)-(2) and K.A.R. 82-4-3f(a)(1)(E)-(F) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

43.   TFY was at all material times a "motor carrier" and an "employer" of its driver Wilson in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §390.5 and K.A.R. 82-4-3f.

44.   49 C.F.R. § 392.2 and K.A.R. 82-4-3h provide that every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated—in this case, Kansas.

45.   The FMCSRs are located at 49 C.F.R. § 390 *et seq*. The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

46.   The FMCSRs are adopted by Kansas law and regulations at K.S.A. 66-1,129 and K.A.R. 82-4-1, *et seq*.

47.   TFY hired, supervised, and trained Wilson.

48.   TFY failed to ensure that Wilson was trained on the dangers of nighttime driving, the dangers of distracted driving, and the dangers of making left hand turns without ensuring they can be completed in safety.

49.   TFY had the capability to monitor its driver through an installed driver-facing dash camera, and further had the opportunity to employ features of such camera that would automatically alert it when its drivers were driving distracted or otherwise driving unsafe.

50.   TFY chose not to utilize these measures as a cost cutting measure.

51.   TFY failed to properly train and supervise Wilson as a cost cutting measure.

52.   TFY consciously failed to comply with certain federal safety regulations in training and supervising its drivers.

53.   TFY failed to inform Wilson of the requirements of the FMCSRs.

54.     TFY's and 's failure to use reasonable care in hiring, retaining, supervising, and training its drivers was the proximate cause of Plaintiff's injuries.

55.     TFY further failed to use reasonable care in that they:

    a.   Failed to train Wilson;

    b.   Failed to supervise Wilson;

    c.   Failed to educate Wilson on the requirements of the FMCSRs

56.     As a result of TFY's negligence and their employee/agent Wilson, Plaintiff sustained serious bodily injury, medical expenses, lost wages and has incurred non-economic damages such as pain and suffering.  Furthermore, plaintiff reasonably expects to incur future medical expenses, future lost wages and future non-economic damages such as pain, suffering, and mental anguish.

57.     Alone or in conjunction with the negligence of the other Defendant, Defendant TFY negligence proximately caused the injuries to Plaintiff.

## COUNT FOUR

### (All Defendant' *Negligence Per Se* and Attorney Fees)

58.     All previous paragraphs and allegations are incorporated herein.

59.     Defendants routinely undertake to haul property from place to place for persons or entities that may choose to employ them.

60.     Defendants are therefore "public motor carrier[s] of property" under K.S.A. 66-1,108(e).

61.     This makes Defendants "common carriers within the meaning of the public utility laws of this state." K.S.A. 66-1,110.

62.     TFY also qualifies as a common carrier under K.S.A. 66-105 as it is an entity operating for public use in the conveyance of property within this state.

63.     K.S.A. 66-176 provides that "[a]ny … common carrier which violates any of the provisions of law for the regulation of … common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court."

64.     K.S.A. 66-176 creates a private cause of action against common carriers for violations of any of the laws or regulations applicable to a common carrier that causes injury.

65.     The Defendant's actions and inactions, as described above, violated the following provisions of law for the regulation of common carriers:

    a.   49 C.F.R. § 392.2 and K.A.R. 82-4-3h (violating the laws ordinances and regulations of Kansas);

    b.   49 C.F.R. § 390.3(e)(1)-(2) and K.A.R. 82-4-3f(a)(1)(E)-(F) (failure to supervise, instruct, monitor, and train);

    c.   K.S.A. 66-1,129(c);

    d.   K.S.A. 8-1528 (failing to yield at a stop sign);

    e.   K.S.A. 8-1548 (failing to make a left turn safely);

    f.   K.S.A. 8-1566 (reckless driving);

66.     These violations proximately caused Plaintiff severe injuries and damages.

67.     Defendants are therefore liable for attorney fees in this action, in addition to compensatory damages and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for his attorney fees, for costs herein, and for such other and further relief as the Court deems just and equitable.

                    Respectfully submitted,

                    DeVaughn James Injury Lawyers

By: /s/ Jeffrey A. Wilson
Jeffrey A. Wilson, #26527
Richard W. James, #19822
3241 N. Toben
Wichita, KS 67226
316-888-8888 [t]
316-425-0414 [f]
jeffwilson@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a pretrial conference and a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Kansas City, Kansas as the place for trial in this

matter.

DeVaughn James Injury Lawyers

By: /s/ Jeffrey A. Wilson
Jeffrey A. Wilson, #26527
Richard W. James, #19822
3241 N. Toben
Wichita, KS 67226
316-888-8888 [t]
316-425-0414 [f]
jeffwilson@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiff*